## GILBERT GROCERY CO v BRIGGS

Ohio Appeals, 4th Dist, Scioto Co

Decided Dec. 31, 1928

Bannon & Bannon, Portsmouth, for Grocery Co.

Warren Briggs, Cleveland, and Edgar G. Miller, Portsmouth, for Briggs.

ALLREAD, J. (2nd Dist) sitting in place of THOMAS, J., (4th Dist)

MAUCK, J.

It is clear that the pleading of the resolutions served no useful purpose. The plaintiff is not required to follow the conventional form in pleading **quantum meruit** and may under the statute plead all the facts from which he claims liability flows. But the pleading and the subsequent placing in evidence of a resolution found by the Supreme Court to have been of no effect was improper pleading and if the case had been tried to a jury, unable to clearly appreciate the proper effect to be given to the pleading and the evidence supporting it, we should be inclined to hold that a verdict rendered by the jury could not stand. In this case, however, a jury was waived. Trial was had to a discriminating court, fully appreciative of the decision of the Supreme Court and the ineffectiveness of the resolutions thus laboriously brought into the record. The defendant was not prejudiced by the form of the pleading adopted.

Our view of the case is that the judgment can be and ought to be sustained, not on the theory that the plaintiff is entitled to a bonus or to extra compensation but that the situation clearly shows that he was entitled to compensation for his services and that the amount of that compensation had never been fixed by any agreement to which both parties had given assent. It follows, therefore, that the payments made from time to time for the several years for which Mr. Briggs sued

were not payments made in full of his compensation. They were payments on account, binding on neither party. If they were excessive the corporation had a right to recover the excess. If they were insufficient to fully compensate him he had a right to recover the difference between the amount paid him and the amount to which he was entitled. These were questions of fact to be tried by the trial judge.

The assignments of error relating to the admission of testimony do not develop anything necessarily prejudicial to the plaintiff in error. Greater freedom is tolerated in the production of testimony where the facts are to be found by a judge than by a jury for the reason that the judge presumably limits his findings to those sustained by competent evidence. The most substantial of the objections in this respect runs to the admission of testimony tending to show the profits made by the corporation under the management of the plaintiff and the use of this factor in fixing the value of his services, the claim being that the profits of the employer is no guage for measuring the value of the services of an employe. Generally speaking, in an action for wages this objection would be sound. This action was not one, however, for wages but management, and certainly the success of the management was a proper factor in determining the value of that management.

It is, of course, true that Mr. Briggs' compensation should have been fixed prior to the rendition of the service for which he sues and he is in fault in that respect. The stockholders were in equal fault, however, in not fixing the compensation for they never had a right to assume that he was working gratuitously. We adhere to our former conclusions in this cause and to what we conceive to be the spirit of the opinion of the Supreme Court already referred to and affirm the judgment.

Middleton, PJ, and Allread, J, concur.